IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PIETER TEEUWISSEN and LISA M. TEEUWISSEN**                                          **PLAINTIFFS**

**v.**                                                                  **CIVIL ACTION NO. 3:11cv46-TSL-MTP**

**JP MORGAN CHASE BANK, N.A., NATIONWIDE**                          **DEFENDANTS**
**TRUSTEES SERVICES, INC., and JOHNSON AND**
**FREEDMAN, LLC**

## ORDER

This order addresses the following motions filed by Plaintiffs: [128] Motion to Compel as to Defendant JP Morgan Chase Bank, N.A. ("Chase"); [130] Motion for Sanctions as to Chase; [133] Motion to Compel as to Defendant Nationwide Trustee Services, Inc. ("Nationwide"); [135] Motion for Sanctions as to Nationwide; [137] Motion to Compel as to Defendant Johnson and Freedman, LLC ("Johnson"); and [139] Motion for Sanctions as to Johnson. Defendants have responded,[1] and Plaintiffs have replied.[2] Having considered the motions, the submissions of the parties, and the entire record in this matter, as well as the applicable law, the Court finds that the motions should be denied.

**I.**

The timing and context of the current motions are relevant to their disposition and, accordingly, a brief review of some of the proceedings is important. This case was initially filed by Plaintiffs in the Chancery Court of the First Judicial District of Hinds County, Mississippi on

---

[1] *See* docket entries [152] [153] (Chase); [154] [155] (Nationwide and Johnson).

[2] *See* docket entries [166] [167] [168].

December 7, 2010[3] and removed to this Court on January 24, 2011.[4]  The defendants on board when the case arrived in this Court were Chase and Nationwide.

A case management conference was held on April 9, 2011 and various deadlines were set, including a discovery deadline of December 1, 2011.  *See* docket entry [12].  Plaintiffs were granted leave to amend their complaint and did so on June 14, 2011.  Added as defendants were Johnson and Prommis Solutions, LLC ("Prommis").

Chase moved to dismiss the second amended complaint or, alternatively, for summary judgment on June 29, 2011.  *See* docket entry [25].  Defendants Nationwide and Johnson did not file a dispositive motion at that time.  By opinion dated November 17, 2011, the District Judge granted Chase's motion in part and denied it in part.  *See* docket entry [61].  Plaintiffs' claims against Chase for wrongful foreclosure and declaratory relief due to lack of proper notice of the foreclosure and a failure to provide an accounting prior to proceeding with the foreclosure, for breach of contract due to failure to provide proper notice of foreclosure, and for the alleged violation of the chancery court's injunction were left standing.  Plaintiffs' remaining claims were dismissed.

The court docket does not reveal *any* discovery activity initiated by Plaintiffs during the seven-month period allotted for discovery until just two days prior to the December 1, 2011 discovery deadline.  On November 29, 2011, Plaintiffs noticed the deposition of Chase "for a date to be agreed upon by counsel" and included a listing of 52 deposition topics and an

---

[3] *See* docket entry [5]-2.

[4] Attached to the [1] Notice of Removal was the Amended Complaint filed in state court on December 22, 2010.

untimely demand that Chase produce "all documents relevant to the subjects of examination listed above" along with a privilege log if any documents were withheld. *See* docket entries [68][69][70][71].

The next day, Plaintiffs moved to extend the discovery period by seventy-five days. Chase immediately responded in opposition to this motion. Additionally, Plaintiffs moved for leave to serve a summons upon Defendant Prommis.[5]

With these motions filed as the discovery deadline was expiring, the Court promptly convened a status conference with the parties in an effort to address the pending discovery and process issues.[6] On December 1, 2011, this Court entered an [78] Order extending the discovery deadline for limited purposes.[7] Plaintiffs were allowed until December 22, 2011 to take the Fed. R. Civ. P. 30(b)(6) depositions of all Defendants presently before the Court, including those defendants whose depositions had not previously been noticed. The Court did not permit the Plaintiffs to initiate a tardy round of document requests.

Following an in-person hearing on Chase's [85] Motion for Protective Order, the Court clarified the scope of this [78] order on December 14, 2011, as the parties continued to spar over the scope of the 30(b)(6) depositions and Plaintiffs' efforts to attempt to initiate exhaustive

---

[5]By order entered November 17, 2011, the Court had denied Plaintiff's motion for entry of a default judgment against Prommis finding that service of process upon Prommis was insufficient. *See* docket entry [60].

[6]Earlier, Chase filed a Motion to Compel and for Sanctions against Plaintiffs. *See* docket entry [63]. After a hearing, the Court granted the motion to compel, but denied the request for sanctions. *See* docket entry [65].

[7]During the conference, Plaintiffs abandoned their motions for leave to serve Prommis with process. As adding Prommis to the lawsuit would require a resetting of case deadlines and a continuance of the trial date, Plaintiffs elected to proceed without Prommis as a party. *See* docket entry [78].

document requests at the eleventh hour. The Court addressed the scope of the deposition topics and further ordered Chase to supplement its pre-discovery disclosures and to produce the Plaintiffs' mortgage file by December 19, 2011. Chase's deposition was set for December 20 and, by subsequent order, the depositions of Johnson and Nationwide were set for December 28 and 29, 2011. *See* docket entry [105]. At the hearing, Plaintiffs did not seek, and the Court did not order, that the other Defendants, Johnson and Nationwide, produce any records. At that time the discovery period closed.

## II.

### A.

**Plaintiffs' Motions to Compel and for Sanctions Against Chase [128] [130]**

The motions at hand involve depositions that were taken December 20, 28, and 29, 2011, as well as a privilege log dated December 19, 2011.[8] As noted, the compressed discovery schedule resulted from Plaintiffs' desire "to pursue and complete limited discovery from the Defendants who are now before the Court" rather than adding a previously unserved party that would affect the pretrial conference and trial. *See* docket entry [78]. Even now Plaintiffs do not seek much in the way of discovery, only sanctions and other relief for Defendants' alleged failure to respond as they desire to the extensive last-minute discovery Plaintiffs have attempted to undertake. Indeed, they go so far as to suggest that "[r]ather than re-opening discovery, . . . Plaintiffs respectfully submit that other remedies would promote judicial economy." [129] at p.

---

[8]December 19 was the deadline for Chase to supplement its pre-discovery disclosures and to identify any privileged material it was withholding in a privilege log. *See* docket entry [99]. That order applied to Chase as it arose from Plaintiffs' 30(b)(6) Amended Notice of 30(b)(6) deposition of Chase and Chase's application for a protective order.

10.

Chase and Nationwide filed notices of service of their initial pre-discovery disclosures on April 29, 2011. *See* docket entries [13] [14]. When Plaintiffs finally attempted to depose Defendants–at no time did they propound written discovery–they were informed by the Court that "[t]he deponent provided by Chase shall be familiar with the mortgage file and, in general, the documents related to the deposition topics, and shall be prepared to 'testify about information known or reasonably available to [Chase].'" *See* docket entry [99]. The case cited by the Court for this proposition, *Lizana v. State Farm Fire & Casualty Co.*, 2010 WL 445658 (S.D. Miss. 2010), recognized a party's choice to designate its representative.[9]

Plaintiffs now complain that the deponent offered by Chase did not know everything there is to know about the mortgage file,[10] while at the same time failing to show the relevance of the few topics which are at the heart of their [128] motion to compel and for sanctions as to Chase or any resulting prejudice.[11] It bears repeating and emphasizing that the complaints offered by Plaintiffs are not designed to re-open discovery, but to obtain extreme remedies that, according to them, "would promote judicial economy."[12]

---

[9]*See also* docket entry [99] ("Chase is not required to present the person 'most knowledgeable' about each deposition topic as demanded by Plaintiffs, but only the person (or persons) with the information known or reasonably available to Chase in accordance with Fed. R. Civ. P. 30(b)(6).").

[10]"[N]one of the party-Defendants' corporate designees had sufficient knowledge and could testify to *every* subject of examination requested by the Plaintiffs in their respective Notices of 30(b)(6) Depositions." [129] at p. 5 (emphasis supplied).

[11]Pursuant to the Court's [99] order, Chase filed notice of service of its supplemental pre-discovery disclosure and of its privilege log. *See* docket entries [107] [108].

[12]Judicial economy would have been better promoted if substantial time had been devoted to actual discovery, rather than discovery motions and sanctions.

**B.**

**Plaintiffs' Motions to Compel and for Sanctions
Against Nationwide and Johnson [133] [135] [137] [139]**

Though bearing several docket numbers,[13] Plaintiffs' motions as to Nationwide and Johnson are essentially one document requesting similar relief against both of these Defendants, and for essentially the same reasons.

It is important to keep in mind that, although Plaintiffs were permitted to "schedule the Fed. R. Civ. P. 30(b)(6) depositions of the Defendants presently before the Court," *see* docket entry [78], the Court's [99] order specifically addressed Chase's responsibilities. Nevertheless, Nationwide also filed notice of service of supplemental pre-discovery disclosure. *See* docket entry [106].

Plaintiffs' efforts to allege failings in Nationwide's initial or supplemental disclosures are tardy. As for Johnson, they were added as a Defendant late in the process. Again, it was not until a couple of days before the discovery deadline that Plaintiffs attempted to engage in any discovery. While Plaintiffs also complain of Johnson's failure to file disclosures, which might include the identity of those persons having discoverable information, or a privilege log, Plaintiffs were only allowed to take the deposition of Johnson's 30(b)(6) designee, which they did. *See* docket entry [78]. It is too late to ask this Court "to determine whether the yet-to-identified [sic] information is indeed subject to privilege or, on the contrary, is discoverable information subject to disclosure." [134] at p. 10. *See* L. U. Civ. R. 7(b)(2)(B) ("A party must

---

[13][133] [135] [137] [139].

file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."). *See also* L. U. Civ. R. 26(a)(3).[14] With Plaintiffs having disregarded the discovery process for months, the Court is not in a position to now entertain numerous untimely motions to compel, for sanctions, or other relief.

### III.

The overriding principle guiding the Court is found in Fed. R. Civ. P. 26(c), which provides in pertinent part:

> (C) . . . [O]n its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Plaintiffs' simultaneous motions to compel–without the realistic recognition that discovery would have to be re-opened and the trial delayed further–and motions for sanctions seek

---

[14]"Failure to Disclose. If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under Fed. R. Civ. P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under Fed. R. Civ. P. 37(c)."

7

Draconian relief which is not warranted under the circumstances.[15]  Plaintiffs had ample opportunity to obtain the information by discovery and did not take it, only waiting until the last minute to receive a reprieve by the Court allowing them to take some discovery.  Moreover, they have not established the benefit or importance of the information they claim was not forthcoming; they merely complain that they did not get all the information they desired.

At this stage of the proceedings, the Court declines to re-open yet another round of discovery, and determines that the best way to promote judicial economy is to allow the case to go forward on the record that has been developed.[16]  Plaintiffs' motions to compel and the related motions for sanctions are not well taken and will be denied.

Accordingly, **IT IS ORDERED:**

Plaintiffs' [128] [133] [137] Motions to Compel Discovery are **DENIED**.

Plaintiffs' [130] [135] 139] Motions for Sanctions are **DENIED.**

**SO ORDERED** this the 31st day of May, 2012.

s/Michael T. Parker<br>
United States Magistrate Judge

---

[15] *See* docket entries [130] [135] [139] (e.g., reimbursement of costs and fees associated with the 30(b)(6) depositions; spoliation instruction; designated facts be taken as established for purposes of the action; exclusion of witnesses/documents).

[16] There are several motions in some form pending before the Court.  *See* docket entries [119] (Plaintiffs' motion for partial summary judgment as to liability against Chase); [121] Plaintiffs' motion for partial summary judgment as to liability against Nationwide); [124] (Chase's motion for summary judgment); and [169] [171] [174] [176] (motions *in limine* filed by Plaintiffs).